**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**WILLIAM E. SMITH** **PLAINTIFF**

**V.** **CASE NO. 5:26-CV-05177**

**FRANK BISIGNANO, Commissioner**
**Social Security Administration;**
**JANE DOE 1, Batesville SSA Agent; and**
**JANE DOE 2, Mountain Home SSA Agent** **DEFENDANTS**

**ORDER**

On August 3, 2026, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff William E. Smith's Complaint pursuant to 28 U.S.C. § 1915(e) and issued a Report and Recommendation ("R&R") (Doc. 4). Magistrate Judge Comstock recommends that the Complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted. On August 13, 2026, Mr. Smith filed Objections to the R&R (Doc. 5), which prompted this Court's *de novo* review of the entire case file.

The Complaint (Doc. 1) alleges that the Social Security Administration violated the Americans with Disabilities Act ("ADA") and the Social Security Act ("SSA") when it failed to return "stalled-out" benefits that were originally forwarded to Mr. Smith's stolen Direct Express, Inc. Visa card. (Doc. 1, pp. 4–5). The Social Security Administration awarded Mr. Smith social security disability benefits in 2022 after his first application with no appeal. *Id.* at p. 4. The Social Security Administration paid his benefits to a Direct Express, Inc. Visa card, which Mr. Smith used until July 14, 2024, when the card was stolen. *Id.* at pp. 4–5. Mr. Smith was in a "public institution" from July 14, 2024, until July 14, 2025, and upon release in August 2025, he notified both the Batesville office of the Social Security

Administration and Direct Express, Inc. about the stolen card and lost benefits. *Id.* at p. 5. After activating a Cash App Visa card, Mr. Smith received his benefits from September 2025 to February 2026, but the benefits sent to the Direct Express card, from approximately July 2024 until September 2025, remain inaccessible to Mr. Smith. *Id.*

Mr. Smith traveled to both the Batesville and Mountain Home Social Security Offices, contacted the U.S. Treasury Fiscal Department, and notified Direct Express, Inc. about the lost benefits in an attempt to recover them. *Id.* at pp. 5–6. The Social Security Offices informed Mr. Smith that they had "no formal policy" to return the benefits; the U.S. Treasury Fiscal Department advised him to file a claims application with a Social Security Agent; and Direct Express, Inc. informed him that they had no policy to return the benefits and no available remedy. *Id.* As a result, Mr. Smith claims he has suffered great financial hardship, evictions, a lack of adequate housing, pain, and emotional injury. *Id.* at p.10.

Mr. Smith alleges that the Social Security Administration is liable under the doctrine of supervisory liability for "failing to properly train" its agents to handle unclaimed benefits and having no procedures in place to remedy this situation. *Id.* at p. 7. He further contends that these policies and practices constitute violations of the SSA and ADA and seeks compensatory damages in the amount of his lost benefits, which he estimates to be around $5,600, or, in the alternative, an appealable order from the Social Security Commissioner explaining why the funds cannot be forwarded to him. Finally, Mr. Smith asks that the Social Security Administration make the necessary forms available for a claims application to receive the lost benefits. *Id.*

Magistrate Judge Comstock's R&R recommends that Mr. Smith's claims be dismissed for failure to state a claim upon which relief may be granted.

Because Mr. Smith did not allege he was denied social security benefits, but, rather, that he was unable to access benefits he was provided, Magistrate Judge Comstock concluded that he does not have a claim under 42 U.S.C. § 405(g). Further, Magistrate Judge Comstock determined that Mr. Smith failed to plausibly allege he faced discrimination in violation of the ADA because he did not allege what disability or disabilities qualify him for protection under the ADA, and in any event, federal agencies such as the Social Security Administration are not "public entities" available to be sued under the ADA.

Finally, Magistrate Judge Comstock concluded that Mr. Smith's Complaint does not state a claim upon which relief can be granted against Direct Express, Inc. because he has not sued them for any cause of action or sufficiently alleged facts that amount to a plausible claim.

In his objections, Mr. Smith objects broadly to the R&R's dismissal of his claim under the SSA and asserts that the Social Security Administration's refusal to provide him access to his lost benefits was a violation of the Fifth Amendment. (Doc. 5, pp. 2–4). Mr. Smith also objects to Magistrate Judge Comstock's finding that the Social Security Administration is not subject to suit. *Id.* at p. 3. Finally, Mr. Smith reiterates his lost benefits and alleged injuries. *Id.* at pp. 3–4.

Mr. Smith's objections to the R&R fail to engage with the Magistrate Judge's reasoning and merely reassert his right to recover his lost benefits under 42 U.S.C. § 405(g). The Court agrees with the R&R that Mr. Smith does not allege that he was denied social security benefits, but just that he was unable to access the funds that he was given. And though he generally objects to the dismissal of his claim under the ADA,

he does not explain how the law permits him to sue a federal agency. In his objections, Mr. Smith does explain the disabilities that would qualify him for protection under the Rehabilitation Act. However, the Court agrees with the R&R that Mr. Smith fails to allege how his disabilities affected any of the described events or how any agent of the Social Security Administration engaged in discriminatory behavior against him.

**IT IS THEREFORE ORDERED** that all Objections are **OVERRULED**, and the R&R (Doc. 4) is **ADOPTED IN ITS ENTIRETY**. The Complaint fails to state any plausible claims for relief. The case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED** on this 1st day of ~~September,~~ October 2026.

TIMOTHY L. BROOKS
CHIEF UNITED STATES DISTRICT JUDGE